VEVERKA and another, Appellants, vs. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Respondent.*

*October 7—November 5, 1957.*

* Motion for rehearing denied, without costs, on January 7, 1958.

10

For the appellants there were briefs by *N. Paley Phillips,* attorney, and *Bertram J. Hoffman* of counsel, both of Milwaukee, and oral argument by *Mr. Phillips.*

For the respondent there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald Hayes, Jr.*

BROWN, J. Plaintiffs' contention that the special verdict should inquire whether Donna Mae assumed the risk of the manner in which Cross operated his automobile is immaterial for two reasons: First, that the court so held as a matter of law when plaintiffs so moved after verdict; second, because Cross is not a party to the action, and any answer to the question is irrelevant to the issues. In *Scory v. LaFave* (1934), 215 Wis. 21, 254 N. W. 643, we held that an assumption by plaintiff of risks due to the host's negligence does not bar a recovery from another tort-feasor for the results of his negligent use of the highway. The assumption may be under such circumstances that the plaintiff would be guilty of contributory negligence in so assuming but then it is the plaintiff's contributory negligence, not the plaintiff's assumption of the risk of the host's negligence, which affects plaintiff's recovery against the third person.

In deciding as a matter of law that Rice's negligent conduct was not a proximate cause of the accident and injuries, we think the learned trial court erred. There is no question that the belligerent behavior of Rice and his companions impelled Cross to try to escape. The speed at which he fled was not only negligent as a matter of law, as well as found to be so by the jury, but, as the jury found, was a cause of his missing the curve and striking the pole. Members of the pursuing group testified that their speed was 60 to 65 miles per hour. This greatly exceeded the legal limit in the area where the chase took place. One of them testified that they would have gone as fast as necessary to prevent Cross' escape. Long before the collision with the pole Rice knew or should have known that his conduct was causing Cross to drive at a speed which endangered his safety and that of his passengers. A new element of negligence thus comes into the case.

"An act is negligent if the actor intends it to affect, or realizes or should realize that it is likely to affect, the con-

duct of another, a third person or an animal in such a manner as to create an unreasonable risk of harm to the other." Restatement, 2 Torts, p. 826, sec. 303.

Under the circumstances here present, Rice's pursuit at an illegal, and hence negligent, speed is one of the causes of the unfortunate result of the high speed of Cross.

"If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable." Restatement, 2 Torts, p. 1173, sec. 435.

The trial court should have changed the answer of the special verdict so as to hold Rice's negligent speed a cause of Donna Mae's injuries, as asked by plaintiffs' motion. It was error not to do so.

In *Statz v. Pohl* (1954), 266 Wis. 23, 62 N. W. (2d) 556, 63 N. W. (2d) 711, we dealt with special verdicts which find a person guilty of no causal negligence but nevertheless in comparing causal negligence assign some part of it to him. There, at page 29, we said:

"(1) If the issue of causal negligence is for the jury and the party inquired about is exonerated but the jury in its comparison of negligence erroneously attributes to such party some degree of causal negligence, the verdict is inconsistent, and a new trial must be granted;

"(2) If it be determined that the party inquired about is free from causal negligence as a matter of law and the jury has exonerated him but has also attributed to him some degree of causal negligence, then the court should strike the answer to the question on comparison as surplusage and grant judgment accordingly;

"(3) If the court can find as a matter of law that the party inquired about is guilty of causal negligence and the jury finds that he is not and in the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answers to the questions which

inquire as to his conduct from 'No' to 'Yes' and permit the jury's comparison to stand with judgment accordingly."

On rehearing we modified rule 3 as follows (p. 32a):

"A reconsideration of the rule expressed has convinced us, however, that rule No. (3) is stated too broadly. It should be limited and stated as follows:

" '(3) If but one element of negligence is submitted to the jury and the court can find as a matter of law that the party inquired about in the question is guilty of causal negligence and the jury finds that he is not, and in answer to the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answer to the question which inquires as to his conduct from "No" to "Yes" and permit the jury's comparison to stand with judgment accordingly.' "

Having held as a matter of law that there was no causal connection between Donna Mae's injury and Rice's speed and his management and control, the trial court applied rule (2) as stated in *Statz v. Pohl, supra,* and struck out the jury's answer finding Rice guilty of 30 per cent causal negligence. As we have just stated, the court should have held that Rice's negligence was causal. Rule (2) does not apply. But neither does rule (3), which appellants invoke. The special verdict submitted more than one element of Rice's causal negligence. Hence rule (3) in the *Statz Case, supra,* is inapplicable, the verdict is inconsistent in its answers that both 30 per cent and no per cent of causal negligence is attributable to Rice and a new trial is required. In that trial the jury should be instructed, if the evidence warrants it, in both the liability and the comparison questions, that Rice, as well as Cross, may be found guilty of causal negligence if he contributed to cause Cross' causally negligent speed. There was no such instruction in the first trial, though the standard instruction given by the court may with difficulty be stretched to include it. The 30 per cent causal negligence

which the jury attributed to Rice might, though it probably did not, reflect some such idea.

Neither party has criticized the award of damages and the new trial should not include that issue.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on all issues except damages.

* Motion for rehearing denied, without costs, on January 7, 1958.