CALLAHAN, Appellant, vs. RANDO, Respondent.

*April 7—May 5, 1942.*

*V. P. Davis* of Ashland, for the appellant.

For the respondent the cause was submitted on the brief of *Warren B. Foster* of Ashland.

FAIRCHILD, J.   The injury occurred on August 16, 1940, at about 8:30 p. m. at the intersection of Front street and Fifth Avenue East in the city of Ashland.   Plaintiff, going north on the west side of Fifth avenue, crossed Front street on the crosswalk.   She and defendant's car collided near the northwest corner of the intersection.   Plaintiff claims that defendant's car struck her when she was close to the sidewalk on the north side of Front street; defendant claims that he stopped and that plaintiff, while some distance south of the

north sidewalk, ran into the car. Just before crossing the street, plaintiff observed an automobile proceeding along Front street in an easterly direction. She waited for this car to pass her before starting to cross the street. She insists that she looked both ways before starting to cross and did not see any traffic to prevent her crossing over the street. The first car, eastbound, and defendant's westbound car passed each other somewhere near the intersection in question, the lights from this first car temporarily blinding defendant so that he did not see plaintiff until he was almost upon her.

The intersection of Front street and Fifth Avenue East is an unmarked crosswalk unregulated by traffic officer or control signals. The jury found the defendant causally negligent in respect "to lookout for other traffic on the crossing" but not in respect to control of his car. As to plaintiff, the jury found that she was causally negligent in failing to "exercise ordinary care in crossing the street at the time she did and under the circumstances then involved." The negligence of plaintiff was found to be seventy-five per cent, that of defendant twenty-five per cent. But plaintiff requested an instruction relative to the duty of defendant to yield the right of way to a pedestrian as provided in sec. 85.44 (1), Stats., and the trial court denied the request.

The evidence in the case, while burdened with a certain amount of uncertainty in respect to the manner in which the accident occurred as related by either party, nonetheless presents a jury question relative to the negligence of the participants. In determining the relative rights of the parties under the circumstances here involved it was important for the jury to have in mind the effect of sec. 85.44 (1), Stats., providing that: "The operator of any vehicle shall yield the right of way to a pedestrian crossing the highway within any marked or unmarked crosswalk at an intersection except at those intersections where the movement of traffic is being regulated by traffic officers or traffic control signals." This

provision "imposes upon the drivers of automobiles the absolute duty of yielding to pedestrians on crosswalks, as therein defined, the right of way." *Edwards v. Kohn* (1932), 207 Wis. 381, 385, 241 N. W. 331.

The statute, it is true, does not relieve the pedestrian of all duty of care in crossing a street, still, as said in the case of *McDonald v. Wickstrand* (1931), 206 Wis. 58, 61, 238 N. W. 820:

"The fact that he [the pedestrian] has the right of way, coupled with a reasonable observation before entering upon the crossing, are circumstances to be considered by the jury in determining whether or not his conduct is negligent.

"As to what constitutes ordinary care in such a case is generally, though not always, a question for the jury. Here the element of reassurance as to the right of way and the expected yielding thereof on the part of a driver takes some of the burden of the necessity of dodging across streets from the pedestrian."

The negligence, if any, of plaintiff's failing to observe the approach of defendant's car does not appear so clearly from the evidence as to warrant the conclusion that plaintiff had forfeited the protection of the right-of-way statute. The question of pedestrian's right of way should therefore, under proper instructions, have been considered by the jury in determining the respective rights and duties of the parties to this case. A new trial must be granted.

In the view we have taken of the case, it is unnecessary to consider the other assignments of error.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.