CALLAHAN, Appellant, vs. VAN GALDER and another, Respondents.

*March 7—April 8, 1958.*

For the appellant there was a brief by *Snyder, Greco & Mortell* of Milwaukee, and oral argument by *E. H. Snyder* and *James R. Mortell*.

For the respondents there was a brief and oral argument by *George D. Young* of Milwaukee.

BROWN, J.   The accident took place April 17, 1956, at the corner of South Kinnickinnic avenue and East Bay street in the city of Milwaukee.  The time was about 11:25 a. m.  Visibility was good, the pavement was dry.  A strong wind was blowing from the north.

Mrs. Callahan, going north on foot on the east sidewalk of Kinnickinnic avenue, reached the Bay street corner at approximately the same time that defendant's bus reached it.  The bus had been proceeding north on Kinnickinnic avenue.  Defendant Van Galder who was driving it intended to turn east on Bay street.  The two streets meet at an acute angle so that such a turn is one of more than 90 degrees.  This bus was about 36 feet long and 8 feet wide and its dimensions and the nature of the turn required it to swing wide at the corner in order to leave Kinnickinnic avenue and enter Bay street without running its rear wheels over the sidewalk.  Defendant driver made a wide turn in this manner at a speed of four or five miles per hour.  He saw Mrs. Cal-

lahan before he commenced his turn while she was still on the sidewalk. He did not see her or look in her direction after he began the turn.

Mrs. Callahan intended to continue north on the east side of Kinnickinnic avenue. As the bus was in the process of turning but had not yet entered upon the crosswalk crossing Bay street (so the jury found), Mrs. Callahan did enter on that walk. She was holding her hat on her head with her left hand. She and defendant driver failed to see each other and as their paths crossed the bus struck her with its right headlight. It pushed her a few feet until she fell under the right front wheel. That ran over her body and caused the injury from which she died in the emergency hospital an hour or two later.

Appellant's first contention is that Mrs. Callahan, as a matter of law, was not negligent and the court erred in refusing so to hold. To support this proposition appellant relies heavily on the presumption that a person killed in an accident exercised due care for his own protection. Citing *Weber v. Mayer* (1954), 266 Wis. 241, 63 N. W. (2d) 318, appellant says that the benefit of this presumption remains until evidence is introduced which establishes, as a fact, the negligence of the deceased. The cited case actually held that the benefit of the presumption remains until there is evidence introduced which establishes as a fact the negligence of the deceased, *or* which gives rise to the reasonable inference that deceased was negligent. The presumption of due care drops out of the case when evidence sufficient to support a contrary finding comes in. *McCarty v. Weber* (1953), 265 Wis. 70, 60 N. W. (2d) 716. The presumption, too, can be overcome by inferences drawn from other evidence. *Prunty v. Vandenberg* (1950), 257 Wis. 469, 44 N. W. (2d) 246.

A witness of the present accident was in an automobile immediately behind and to the right of the bus on Kinnickin-

nic avenue. She saw Mrs. Callahan step from the sidewalk into the street while the bus was in the act of turning. She testified that she could see Mrs. Callahan was going to be hit. This evidence would support an inference by the jury that Mrs. Callahan would have seen the same thing if her lookout had conformed to the standard of due care. Also, immediately after the accident Mrs. Callahan said to the bus driver, "I didn't see you and I ran right into the bus." The front end of the bus was swinging across her path. She was walking directly toward it, or the jury could so believe, yet she did not see it. We conclude that there is sufficient credible evidence of her negligence in lookout to eliminate the presumption of due care and to sustain the findings both of Mrs. Callahan's negligence and of its causal effect.

Appellant's next contention is that the verdict was inconsistent and the inconsistency required a new trial. Sec. 85.44 (1), Stats., commands the operator of any vehicle to yield the right of way to a pedestrian crossing the highway at a crosswalk, with exceptions not present here. The question in the verdict, "At and just before the contact between deceased, Mary Callahan, and defendant Van Galder's motorbus, was Mary Callahan within the limits of the east crosswalk of South Kinnickinnic avenue where that street intersects with East Bay street, before the bus entered that crosswalk?" is an inquiry directed to ascertaining who had the right of way. The answer that Mrs. Callahan was on the crosswalk first is a jury finding that Mrs. Callahan had the right of way and the defendant failed to yield it. That is a breach by defendant of sec. 85.44 (1), a safety statute, which constitutes negligence as a matter of law. *Edwards v. Kohn* (1932), 207 Wis. 381, 385, 386, 241 N. W. 331; *Callahan v. Rando* (1942), 240 Wis. 417, 419, 420, 3 N. W. (2d) 688. We consider that this question submitted to the jury the issue of the driver's negligence in respect to right of way. Another question concerned his negligence in respect to look-

out. He was found negligent in each respect. The jury found that defendant was negligent in two respects but that neither was causal. Then, in its comparison it charged defendant with 25 per cent of the total causal negligence. Obviously the verdict was inconsistent.

In *Statz v. Pohl* (1954), 266 Wis. 23, 62 N. W. (2d) 556, 63 N. W. (2d) 711, we gave careful consideration to the question of inconsistent verdicts, with a view to avoiding new trials where that could be done without injustice. We are not persuaded that the conclusions stated there, on pages 29 and 32a, are erroneous or for other reasons should be disregarded.

In the case before us the trial court concluded, upon motions after verdict, that defendant driver's negligences, as found by the jury, were causal as a matter of law. Having so determined the court allowed the jury's comparison to stand. This was in supposed compliance with Rule 3 of *Statz v. Pohl, supra,* as set forth on page 29 of 266 Wis. The learned trial court evidently did not observe that on rehearing of *Statz v. Pohl, supra,* at page 32a, the rule on which it relied to preserve the comparison-of-negligence answer was limited to situations where but one element of a party's negligence is submitted to the jury. In the present case the submission inquired about two elements of the bus driver's negligence in failing to yield the right of way and in lookout. Rule 3, as used by the trial court, does not apply. The verdict remains inconsistent and requires a new trial, as in *Veverka v. Metropolitan Casualty Ins. Co.* (1957), 2 Wis. (2d) 8, 85 N. W. (2d) 782.

Respondent criticizes the rule of *Statz v. Pohl, supra,* and asks us to abandon it, saying that justice requires the dismissal of the defendant whom the jury found guilty of only 25 per cent of the causal negligence. We do not think that application of the rule works injustice. Who can tell what proportions of negligence the jury would have found if the

court before instead of after verdict had answered or instructed that the driver's negligent lookout and failure to yield the right of way were causes of the accident as a matter of law? We consider that only a new trial is calculated to do justice.

Since there must be a new trial we think it well to discuss appellant's contention that the trial court committed prejudicial error in excluding evidence of motor vehicle department regulations pertaining to school buses.

. This bus was not a school bus but it was chartered by a Mothers' Club of a Rock county school to transport some 30 pupils on a trip to Milwaukee. Apparently the trip was with the knowledge and consent of the local school board. One teacher and four mothers accompanied about 30 children on the trip, all of whom were on board when the accident occurred.

Whether the facts constituted this bus a school bus for this journey we do not decide. Respondent does not dispute appellant's contention that it was such a bus and amenable to school-bus regulations at the times in question. Appellant wished to prove and to call to the attention of the jury the regulations that school buses are required to have glass in the door from top to bottom and that the driver shall not permit any passenger to stand while the bus is in motion. This bus did not have so large a pane of glass in the door and at the time of the accident the teacher had given up her seat to a sick child and was standing in the bus. Appellant submits that these requirements are safety regulations whose violation is negligence as a matter of law.

That may be, but the evidence was properly refused admittance. The witnesses who saw the accident testified, and appellant concedes, that it was the front of the bus, the right headlight, that first came in contact with Mrs. Callahan. She was pushed along until she lost her balance and fell. The driver had seen her before she left the sidewalk and he did

not look in her direction again. He testified that as he made the turn he was watching the left front corner of the bus. There was no contrary evidence. Full-length glass in the door to the driver's right would not have revealed Mrs. Callahan to a driver who was not looking that way nor was there evidence that Mrs. Callahan was where she could have been seen by a driver looking to his side if glass had been present.

Neither did the teacher standing in the bus interfere with the driver's vision or otherwise impair in any way his operation of the bus. It had no bearing on the cause of the accident.

The evidence which appellant wished to introduce was irrelevant and was properly refused.

Neither party to the action complains of the amount of damages allowed by the judgment. Therefore that issue need not be tried again and the damages found in this trial shall be inserted by the trial court in the verdict upon the second trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on all issues except damages. On such trial damages shall be found in the amount allowed by the present judgment.

WINGERT, J., took no part.