SEIF and wife, Appellants, v. TUROWSKI and another, Respondents.*

*No. 127. Argued November 2, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 388.)

* Motion for rehearing denied, with costs, on February 2, 1971.

16

For the appellants there was a brief by *Esler & Esler* of Kaukauna, and oral argument by *John E. Esler.*

For the respondents there was a brief by *Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

BEILFUSS, J. The controlling issue is whether the plaintiffs are entitled to a new trial because the verdict was inconsistent.

As stated above, the plaintiffs did within the statutory period of two months [1] make and present a motion for a new trial upon the ground that the verdict was inconsistent. The trial court did hear, but did not act upon the motion during the statutory period; the motion for a new trial was therefore deemed overruled. While this court could by virtue of sec. 270.49 (1), Stats., direct the trial court to determine the motion, we deem it advisable under the circumstances of this case to examine the merits and decide the issue.

The verdict found that the respondent-defendant, Turowski, was negligent in the operation of his auto but that such negligence was not a cause of the accident. However, it still attributed 10 percent of the causal negligence to him. This clearly appears to fall within the definition of an inconsistent verdict as set forth by this court. *Statz v. Pohl* (1954), 266 Wis. 23, 62 N. W.

[1] "270.49 **Motion for new trial.** (1) A party may move to set aside a verdict and for a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; but such motion must be made and heard within 2 months after the verdict is rendered, unless the court by order made before its expiration extends such time for cause. Such motion, if not decided within the time allowed therefor, shall be deemed overruled. In case judgment is entered without deciding a pending motion for a new trial, the supreme court may direct the trial court to determine such motion within 2 months after filing the remittitur in the trial court."

2d 556, 63 N. W. 2d 711. *Also see: Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 150 N. W. 2d 313; *Callahan v. Van Galder* (1958), 3 Wis. 2d 654, 89 N. W. 2d 210; *Veverka v. Metropolitan Casualty Ins. Co.* (1957), 2 Wis. 2d 8, 85 N. W. 2d 782.

The respondents (Turowski and his insurance carrier) first argue that appellants waived the inconsistency by failing to object to it at the time the verdict was returned. In *Statz v. Pohl, supra,* this court said at page 29:

"Counsel for Pohl contend that by their failure when the verdict was returned to request that the jury be sent back to resolve the inconsistency counsel for Statz waived the inconsistency. It must be conceded that the court would have acted promptly in directing the jury so to act, and that counsel for Statz should have suggested it. But we must now take the verdict as we find it, and having concluded that there is an inconsistency, it is proper to ask: What sort of judgment can be entered upon it? . . ."

Although plaintiffs-appellants could have requested the court to send the jury back to resolve the inconsistency, failure to do so does not necessarily result in a waiver. In those cases where, although the inconsistency is apparent upon the face of the verdict, the resolution of the inconsistency requires an extensive review of the evidence, the matter may well be considered more judiciously in motions after verdict.

Respondents also cite several decisions of this court which have held that an inconsistent verdict may be waived. Their observation as to the holdings of those cases is correct, however they fail to point out that in all of those cases the parties failed to move for a new trial on the basis of the inconsistent verdicts but raised the question for the first time on appeal. In this case the appellants did timely move for a new trial specifying, among other grounds, the inconsistency contained in the verdict.

Moreover, the defect in question here is not merely in the form of the verdict but goes to its substance. Without some basis for accepting one of the answers and rejecting the other there is no way to determine precisely what judgment could be entered on this verdict. *Statz v. Pohl, supra.*

In *Statz v. Pohl, supra,* this court dealt with special verdicts which, as here, found a person negligent and that the negligence was not a cause but nevertheless, in comparing the causal negligence, attribute some part of it to him. There, at page 29, the rules to be applied in such a situation were stated as follows:

"(1) If the issue of causal negligence is for the jury and the party inquired about is exonerated but the jury in its comparison of negligence erroneously attributes to such party some degree of causal negligence, the verdict is inconsistent and a new trial must be granted;

"(2) If it be determined that the party inquired about is free from causal negligence as a matter of law and the jury has exonerated him but has also attributed to him some degree of causal negligence, then the court should strike the answer to the question on comparison as surplusage and grant judgment accordingly;

"(3) If the court can find as a matter of law that the party inquired about is guilty of causal negligence and the jury finds that he is not and in the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answers to the questions which inquire as to his conduct from 'No' to 'Yes' and permit the jury's comparison to stand with judgment accordingly."

On rehearing, rule No. (3) was modified as follows, page 32a:

" '(3) If but one element of negligence is submitted to the jury and the court can find as a matter of law that the party inquired about in the question is guilty of causal negligence and the jury finds that he is not, and in answer to the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answer to the question which in-

quires as to his conduct from "No" to "Yes" and permit the jury's comparison to stand with judgment accordingly.' "

The defendants-respondents contend that it can be determined as a matter of law that Turowski was not negligent and that under rule No. (2) of *Statz v. Pohl, supra,* that answer to the comparative negligence finding of 10 percent on Turowski can be disregarded as surplusage. They reach this conclusion primarily by means of their contention that Turowski was entitled to the emergency doctrine as a matter of law.

The doctrine, as stated in *Papacosta v. Papacosta* (1957), 2 Wis. 2d 175, 85 N. W. 2d 790, is that a person faced with an emergency which his conduct did not create or help to create is not guilty of negligence in the methods he chose, or failed to choose, to avoid the threatened disaster if he is compelled to act instantly without time for reflection.

The trial court here did instruct the jury on the effect of the emergency rule on negligence. The jury found respondent-Turowski not guilty of any causal negligence but nevertheless attributed 10 percent to him in the comparison of negligence question.

According to his testimony, Seif had driven his motorcycle into the southbound lane to pass but squeezed back alongside an auto in the northbound lane when he saw respondent's auto approaching. Respondent-Turowski testified that he observed the "smaller and yellower" headlight in the northbound lane for a period of time and that it lined up with another pair of headlights and he realized that it was a motorcycle which had come into his lane when it was about two or three car lengths ahead of him. He testified that at this point he swerved sharply to his right to avoid the motorcycle but did not testify as to whether or not the motorcycle had squeezed back into its own lane. At any rate, it appears uncontradicted that respondent-Turowski's auto was in its own lane at all times.

Respondents contend that they saw appellants invade their lane only two or three car lengths ahead of them. Seif testified that he first saw respondent's headlights approaching at a distance of approximately 500 feet. Seif testified that he was traveling at between 50 and 55 miles per hour when he first saw respondent. Respondent-Turowski testified that he might have been driving as fast as 50 miles per hour prior to the accident.

Assuming that each vehicle was traveling at a speed of 50 miles per hour, each would have traveled approximately 73 feet per second. This would mean that they were approaching each other at a combined speed of 100 miles per hour and would close the distance between them at approximately 146 feet per second. Adopting the maximum distance between them at first sighting when appellants were in the northbound lane, 500 feet according to Seif's testimony, they would have met approximately 3.5 seconds after this sighting. Thus, respondent would have had less than four seconds to act.

The respondent-Turowski contends the time interval in which he had to act was so short that he did not have time for deliberate action and was entitled to the emergency doctrine as a matter of law. While the time factor is, of course, very important in determining whether a driver is entitled to the doctrine as a matter of law, it is not to be applied in a "stop-watch" fashion. All of the pertinent facts and circumstances surrounding the accident and the driver's opportunity to respond to the danger must be considered. Several seconds in one instance might entitle the actor to the emergency doctrine as a matter of law, and a lesser time interval under different circumstances might not. It is only when, under all of the pertinent or material circumstances, the time interval is so short that reaction is practically instinctive or intuitive that the emergency doctrine can be applied as a matter of law.[2]

---

[2] *Geis v. Hirth* (1966), 32 Wis. 2d 580, 586, 587, 146 N. W. 2d 459.

From the record in this case it appears that the road was a two-lane 24 foot surface with eight-foot shoulders. Respondent-Turowski therefore had a width of 20 feet in which he could have operated his vehicle. It is common knowledge that the average passenger vehicle is about six to seven feet wide and the testimony reveals the motorcycle handbar was about three feet wide. At 500 feet he knew something irregular was approaching him. Admittedly the time interval was no more than four seconds but the jury could consider whether as a reasonable automobile driver he could and should have tried to slow down, turn to the right, or otherwise manage and control his car to avoid apparent danger.

We conclude that the trial court correctly determined that respondent-Turowski was not entitled to the emergency doctrine as a matter of law but was entitled to an instruction allowing the jury to extend the benefits of the doctrine to him in its consideration as to whether he was negligent.

The question of whether respondent-Turowski was causally negligent was for the jury. The answers in the verdict were inconsistent and the plaintiffs are therefore entitled to a new trial under the rule set forth in *Statz v. Pohl, supra.*

Although the plaintiffs-appellants' motion for a new trial did contend that the damages were inadequate, the briefs and arguments confine themselves to the liability issues. For this reason the new trial is limited to the liability issues only.

*By the Court.*—Judgment reversed and a new trial on the liability issues is ordered.

The following memorandum was filed February 2, 1971.

PER CURIAM (*on motion for rehearing*). The appellants request the new trial include the issue of damages. That issue was not raised on appeal. In the appellants' brief, it is stated that the arguments were confined to the issue of an inconsistent verdict but this fact was not

to imply the other grounds set forth in the motion for a new trial were not meritorious (which was not printed in the appendix).

Grounds asserted in a motion for a new trial are not automatically before this court on appeal. Such issues must be stated in the brief under the caption "Questions on appeal" and briefed.

In order to cut down the amount of work on retrials, this court in its discretion may restrict a retrial to the issues raised on appeal and which need retrying. Thus a new trial may include all issues or may be restricted to specific issues on a retrial, depending upon the requirements of justice. Motion for rehearing denied with costs.