JAHNKE, Respondent, v. SMITH and another, Appellants.

*No. 146. Argued November 28, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 67.)

For the appellants there was a brief by *Fulton, Menn & Nehs, Ltd.*, attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *David P. Hanaway* and *Hanaway & Ross,* all of Green Bay, and oral argument by *David P. Hanaway.*

HEFFERNAN, J.  An order of a trial court granting a new trial in the interest of justice will ordinarily be affirmed unless there is a clear showing of an abuse of discretion. *Bartell v. Luedtke* (1971), 52 Wis. 2d 372, 377, 190 N. W. 2d 145; *Van Gheem v. Chicago & N. W. Ry. Co.* (1967), 33 Wis. 2d 231, 236, 147 N. W. 2d 237. In discussing the review of an order for a new trial, this court stated in *Loomans v. Milwaukee Mut. Ins Co.* (1968), 38 Wis. 2d 656, 662, 158 N. W. 2d 318:

> "The review of an order which rests on legal discretion is limited to abuse and this court will look for reasons to sustain the trial court rather than make an independent review of the question as we do for legal error. . . . Thus, if there are several grounds relied upon by the trial court in granting a new trial in the interest of justice, only one need be sufficient to sustain the contention that the trial court did not abuse its discretion in entering the order."

The trial judge's order recited that he found the verdict defective "as shown by the fact that the findings of the jury are not supported by the evidence."

A new trial may be ordered in the interest of justice when the verdict is contrary to the great weight of evidence, even though it is supported by some credible evidence. *Bartell v. Luedtke, supra,* page 377.  Nevertheless, an order for a new trial in the interest of justice is insufficient and of no effect unless it sets forth in detail the reasons for the order or incorporates a memorandum decision containing the reasons for the order. *Loomans v. Milwaukee Mut. Ins. Co., supra,* page 661, states:

> "How detailed the reasons set forth in the order must be varies in accordance with the reasons, but the statute contemplates more than a statement of an ultimate con-

clusion. Where the verdict is against the great weight and clear preponderance of the evidence, the order should recite or the incorporated opinion should contain the subsidiary reasons and basis for the general statement."

Neither the trial judge's order nor memorandum opinion discussed any of the evidence adduced at trial. No reason whatsoever was given to show why, in the judgment of the trial judge, the verdict was contrary to the evidence. It is evident, therefore, that the decision on this basis evinced the exercise of no discretion, and, therefore, that portion of the order which purported to hold that the verdict was contrary to the evidence constituted an abuse of discretion.

The trial judge was correct, however, in concluding that the verdict was inconsistent in that it found the defendant not causally negligent but nevertheless apportioned 10 percent of the causal negligence to him. *Seif v. Turowski* (1970), 49 Wis. 2d 15, 20, 181 N. W. 2d 388; *Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 150 N. W. 2d 313; *Callahan v. Van Galder* (1958), 3 Wis. 2d 654, 89 N. W. 2d 210.

However, the question posed is whether this palpable inconsistency warranted a new trial where the inconsistency was to the prejudice of the defendant and where the defendant, by his motion for judgment for 90 percent of his counterclaim, waived the inconsistency and elected to accept 90 percent of his damages.

In *Statz v. Pohl* (1954), 266 Wis. 23, 62 N. W. 2d 556, 63 N. W. 2d 711, this court established rules for dealing with inconsistent verdicts where the apportionment of negligence was inconsistent with the jury's response to the question of causal negligence. The principal teaching of *Statz v. Pohl* is that, where there is an inconsistent verdict, a trial judge need not in all cases order a new trial. Where the facts of record are clear and a determination can be made as a matter of law that will resolve

the question, the trial judge may make that determination and enter judgment accordingly. Three rules for dealing with inconsistent verdicts were stated in *Statz v. Pohl:*

"(1) If the issue of causal negligence is for the jury and the party inquired about is exonerated but the jury in its comparison of negligence erroneously attributes to such party some degree of causal negligence, the verdict is inconsistent, and a new trial must be granted;

"(2) If it be determined that the party inquired about is free from causal negligence as a matter of law and the jury has exonerated him but has also attributed to him some degree of causal negligence, then the court should strike the answer to the question on comparison as surplusage and grant judgment accordingly." (P. 29)

"(3) If but one element of negligence is submitted to the jury and the court can find as a matter of law that the party inquired about in the question is guilty of causal negligence and the jury finds that he is not, and in answer to the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answer to the question which inquires as to his conduct from 'No' to 'Yes' and permit the jury's comparison to stand with judgment accordingly." (P. 32a)

Under the facts of this case, neither rule 2 nor rule 3 is applicable, since it could not be determined that the party inquired about—the defendant—was free from causal negligence as a matter of law. Rule 3 is inapplicable because the jury was instructed on more than one element of negligence, and additionally a finding of negligence as a matter of law would be inappropriate. *Hillstead v. Shaw, supra,* page 652, reiterated this court's position that the third rule of *Statz v. Pohl* was applicable only when the jury has received instructions on a single element of negligence.

It would appear, therefore, that under the rules of *Statz v. Pohl,* the first criterion for dealing with inconsistent verdicts is applicable. The state of the record clearly presented an issue of causal negligence in re-

gard to the defendant, and the jury exonerated him from causal negligence, but nevertheless apportioned 10 percent of the negligence to him in response to the comparison question. It was upon this rule that the trial judge relied when he cited *Hillstead v. Shaw, supra,* which incorporated the *Statz v. Pohl* rules.

We believe, however, that the trial judge failed to take into account the defendant's motion for judgment for 90 percent of his claim. The defendant contends that, by that motion, which constituted a waiver of 10 percent of his claim, the inconsistency of the verdict was resolved. The defendant relies upon *Erdmann v. Wolfe* (1960), 9 Wis. 2d 307, 101 N. W. 2d 44.

We conclude that the *Erdmann* rationale should have been applied in the instant case. In *Erdmann* the plaintiff was found negligent, but not causally so. Nevertheless, the jury apportioned five percent of the negligence to him. The trial judge in *Erdmann* attempted to cure the inconsistency by finding the plaintiff free of negligence as a matter of law and by striking the answer on comparison as surplusage. On the appeal, however, this court found that, on the state of the record, the trial judge erred and that the plaintiff could not be found free of negligence as a matter of law. It accordingly concluded that the first rule of *Statz v. Pohl,* on its face, applied. This court then proceeded to analyze the problem in view of the fact that the plaintiff was willing to waive the disputed five percent and settle for 95 percent of the damages. The court stated:

"We think that this rule [the first *Statz v. Pohl* rule] should be modified in a situation like the one before us. Where the verdict, because of the inconsistent answers, will not support a judgment for 100 per cent of the damages, but plaintiff prefers to take judgment for the amount which the verdict will support if the inconsistency be resolved against plaintiff, there is no sound reason for the delay and expense of a new trial merely to resolve the inconsistency. It does not seem

that the defendants can legitimately complain if the inconsistency be resolved in their favor by giving full effect to the answer to the comparison question. Accordingly, the judgment appealed from is to be reduced by five per cent of the damages found." (P. 314)

We conclude that the defendant herein, in respect to his counterclaim, was in the same situation as the plaintiff in *Erdmann*. No matter how the verdict is viewed, the jury could not have intended to have found the defendant more than 50 percent negligent, and it is highly unlikely that the record could support a verdict which would deny the defendant's recovery on his counterclaim. The plaintiff was not prejudiced by any inconsistency in the terms of his claim against the defendant.

The inconsistency was limited to the narrow question of whether the defendant was 10 percent negligent or not negligent at all. Neither view permits plaintiff's recovery. Only the defendant could be prejudiced, but he is willing to accept the inconsistency by having it construed to his disadvantage. There is no prejudice to the plaintiff by permitting the ambiguity to be construed against the defendant and allowing the defendant to waive the inconsistency. The plaintiff, however, points to the holding of *Seif v. Turowski* (1970), 49 Wis. 2d 15, 181 N. W. 2d 388. In that case, although it involved an inconsistent verdict where the questions of negligence were for the jury, this court did not apply the *Erdmann* holding. *Erdmann* was not specifically referred to in *Seif*, and it was not applicable. A review of the record in *Seif* indicates that, although the party objecting to a new trial attempted to rely on the *Erdmann* holding, there was no evidence in the record to show that the defendant therein waived the inconsistency by a motion for judgment for the lesser amount, as the defendant has done in this case. In *Seif*, the defendant did not place himself in the same posture

that we find the defendant in the case now before us. We conclude *Erdmann* may be applicable even where there is a motion for new trial, but only if the party prejudiced by the inconsistency has in the trial court evinced his willingness to accept the inconsistent verdict to his prejudice.

We should point out that, had the pertinent facts in the instant case revealed a close question on the apportionment of negligence or had the negligence been apportioned in such a manner that it might be apparent that a new trial could result in a contrary result on the negligence issue, the waiver of the inconsistency could be rejected by the trial court in the exercise of its discretion. For example, in the instant case, had the jury attributed 45 percent of the negligence to the defendant and 55 percent to the plaintiff, and were the facts closer, we could not make the confident assertion that it was the clear intention of the jury that the plaintiff herein recover nothing or that a retrial would produce an identical result. The decision to accept the waiver of a party who has been prejudiced by an inconsistent verdict is to be exercised in the sound discretion of the trial judge. We therefore do not hold that in all cases the party who is apparently prejudiced by the inconsistent verdict may, under the *Erdmann* rule, waive the inconsistency and demand judgment.

We are satisfied, however, that in a case such as this, as a matter of public policy, to effectuate an economy of judicial time and to avoid the delay and expense of a new trial, the *Erdmann* rule should be applied. We conclude that the inconsistency of the verdict does not warrant a new trial, and the order of the trial judge constituted an abuse of discretion.

The trial judge in the instant case also found the verdict perverse, apparently because it found that the plaintiff had sustained no damages for personal in-

juries. Ordinarily, however, where it is apparent that there is no liability in any event, the failure to find damages does not render the verdict perverse. In *Sell v. Milwaukee Automobile Ins. Co.* (1962), 17 Wis. 2d 510, 117 N. W. 2d 719, this court reasoned that, where the jury has answered questions in regard to liability and would deny recovery, it would be pointless to order a new trial merely because the award which the jury has decided the plaintiff will not get anyway is less than it should be. We pointed out in *Willenkamp v. Keeshin Transport System, Inc.* (1964), 23 Wis. 2d 523, 531, 127 N. W. 2d 804, that a jury may fail to award damages merely because it wished to "avoid the troublesome task of evaluating such intangibles as pain and suffering" where its answer would make no practical difference. The general rule with respect to motions for a new trial on the basis of perversity in the award of damages was set forth in *Sell v. Milwaukee Automobile Ins. Co., supra:*

"The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse." (Pp. 519, 520)

Since the jury's verdict properly construed would permit no recovery, we conclude that the trial judge's reliance upon *Hillstead v. Shaw, supra,* was not appropriate. In *Hillstead,* the trial court concluded that the comparison of negligence was against the preponderance of the evidence and buttressed that finding with specific supporting reasons. It also appeared in *Hillstead* that the damage award was contrary to the evidence. In the instant case, the evidence of personal injury to the plaintiff was not so substantial that

we can say that the verdict in that respect was perverse. The record shows that the jury herein had only the plaintiff's testimony that he sustained any injuries whatsoever. He claimed that he had bumped his head and had a stiff neck and back. He missed only two days of work, was in the hospital only for observation, and within a few days was back on his regular job, which required him to lift heavy loads hundreds of times each day. Under the evidence, the jury could well have concluded that the plaintiff's personal injuries were de minimis or nonexistent. It could have concluded that the amounts found in the stipulated special verdict for loss of wages and medical expenses were sufficient compensation for whatever damages may have been suffered.

A verdict is not inconsistent because it allows damages for medical expenses and denies recovery for personal injuries or pain and suffering. *Dickman v. Schaeffer* (1960), 10 Wis. 2d 610, 103 N. W. 2d 922. This case is quite unlike *Hillstead,* where the jury's award of inadequate damages bolstered the trial judge's determination that the overall verdict was perverse.

The trial judge, as an additional ground for a new trial, stated there was "A complete disregard by the jury of the instructions of the Court," but it appears that this was but a restatement of his conclusion that the verdict was inconsistent and manifested a perversity in the award of damages. No new issues were raised by this assertion.

We conclude, therefore, that the order for new trial should be reversed and the cause remanded with directions to dismiss the complaint and that judgment be entered for the defendant in the sum of 90 percent of his stipulated damages.

*By the Court.*—Order reversed, and cause remanded with directions consistent with this opinion.