NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of

the opinion to request a rehearing. Also, opinions are subject to

modification, correction or withdrawal at anytime prior to issuance of the

mandate by the Clerk of the Court. Therefore, because the following slip

opinion is being made available prior to the Court's final action in this

matter, it cannot be considered the final decision of the Court. The official

copy of the following opinion will be published by the Supreme Court's

Reporter of Decisions in the Official Reports advance sheets following final

action by the Court.

                                       

                  Docket No. 79305--Agenda 9--January 1996.

     KIMBERLY SNOVER et al., Appellants, v. BRIDGET J. McGRAW, Appellee.

                         Opinion filed June 20, 1996.

                                       

     JUSTICE NICKELS delivered the opinion of the court:

     The issue presented in this appeal is whether a jury is required to make

an award for pain and suffering where it awards damages for pain-related

medical expenses. The underlying action is a negligence action brought by

plaintiffs, Kimberly Snover and her mother, Carol Snover, to recover for

personal injuries suffered by Kimberly in an automobile collision. At the

time of the collision, Kimberly was a passenger in a car driven by defendant,

Bridget McGraw. After the collision, Kimberly incurred medical expenses, part

of which both she and her mother paid. The jury returned verdicts in favor of

plaintiffs, awarding $366 to Kimberly Snover and $1,235.65 to her mother

Carol Snover. Plaintiffs appealed, seeking a new trial on the issue of

damages. The appellate court affirmed. No. 1--94--1880 (unpublished order

under Supreme Court Rule 23). We granted plaintiffs' petition for leave to

appeal (155 Ill. 2d R. 315). We affirm.

                                     FACTS

     On September 23, 1989, Kimberly and defendant approached a four-way

intersection in a car driven by defendant. The intersection had two-way stop

signs, and defendant was required to yield to cross traffic. After

defendant's car entered the intersection, another vehicle struck defendant's

vehicle on the passenger's side. At trial, defendant stated that she did not

realize the intersection had two-way stop signs only and that she did not see

any cross traffic before the collision. Defendant had earlier pleaded guilty

to failure to yield the right-of-way. The issue of liability was not strongly

contested at trial, and the trial court directed liability in favor of

plaintiffs.

     Rescue personnel arrived at the scene of the collision. Kimberly

complained of abdominal pain. The rescue personnel found no apparent bruising

or swelling to the abdomen although Kimberly testified that she later

developed a bruise on her stomach. An ambulance took Kimberly to a hospital,

where she received emergency room treatment. Abdominal X rays were taken and

proved negative. Kimberly was released from the hospital later that same day.

The emergency room record showed no complaints of neck pain. It also showed

that Kimberly had full range of motion in her neck.

     Kimberly testified about the effect of the collision on her school

activities. She stated that she was on her school's tennis team and missed

three days to one week of tennis because of the collision. After that, she

was able to play tennis regularly. Kimberly also missed three days to one

week of gym class. In addition, Kimberly was on the track team and was able

to participate in that activity.

     Kimberly went to see her personal doctor two days after the collision

complaining of headaches. At trial, Kimberly stated that she had suffered

headaches once or twice per month prior to the collision. Based on the

headaches, her doctor ordered a CAT scan. The CAT scan showed no sign of head

injury.

     On January 22, 1990, about four months after the collision, Kimberly

went to see a neurologist, Dr. Gene Neri, complaining of headaches,

dizziness, and neck pain. Dr. Neri diagnosed Kimberly as suffering from a

cervical strain and recommended physical therapy. After this initial session,

Kimberly went to nine physical therapy sessions with Dr. Neri between January

29, 1990, and February 21, 1990. During this time period, Kimberly reached

the age of 18 and became legally responsible for her own medical bills. The

jury's verdicts of $366 in favor of Kimberly and $1,235.65 in favor of her

mother are exactly equal to the total of all medical bills incurred from the

date of the collision through the final physical therapy session on February

21, 1990. The jury did not award any additional amount of damages for medical

expenses incurred after February 21 or for any pain and suffering.

     At trial, plaintiffs did seek to recover for medical damages incurred

after February 21, 1990. On December 20, 1990, over a year after the car

collision, Kimberly went to see a chiropractor, Dr. Traven. He diagnosed

Kimberly as suffering from a cervical sprain. Kimberly received physical

therapy treatments from Dr. Traven between January 2, 1991, and June 2, 1992.

In August 1992, Kimberly returned to Dr. Neri, the neurologist, for more

physical therapy treatment.

     As indicated above, the jury did not award damages for either the

medical treatment by Dr. Traven or the 1992 treatment by Dr. Neri. This

failure to award damages may have been due, in part, to other possible neck

injuries suffered by Kimberly after the 1989 collision. At trial, Kimberly

stated that she had been involved in two subsequent car collisions on April

22, 1991, and September 25, 1991, and had suffered a weight lifting injury on

January 31, 1991. It was argued that these incidents aggravated any existing

neck injury.

     Both Dr. Neri and Dr. Traven testified as experts for the plaintiffs.

Both testified that Kimberly's neck pain was related to the 1989 collision.

Both also testified that their respective treatments were reasonable and

necessary to relieve the neck pain.

     Dr. Hall, an orthopedic surgeon and the expert witness for the defense,

disagreed with plaintiffs' experts. Dr. Hall did not personally examine

Kimberly, but he reviewed Kimberly's medical records. Dr. Hall found no

objective manifestations of neck injury, and in his opinion, Kimberly's neck

injury was not causally connected to the collision. Dr. Hall stated that the

emergency room treatment immediately after the collision was a reasonable and

necessary medical expense. In addition, Kimberly's visit to her personal

physician two days after the collision was reasonable and necessary. In Dr.

Hall's opinion, all other medical expenses, including Kimberly's sessions

with Dr. Neri and Dr. Traven, were not related to the 1989 collision and were

not reasonable and necessary.

     The jury awarded limited damages for medical out-of-pocket expenses. It

awarded damages for the medical bills incurred from the date of the collision

through Kimberly's initial physical therapy sessions with Dr. Neri, ending on

February 21, 1990. In addition, in the itemized verdict form, the jury

specifically awarded no damages for pain and suffering. Plaintiffs filed a

motion for a new trial in the trial court, challenging the jury's failure to

award damages for pain and suffering. This motion was denied by the trial

court. On appeal, the appellate court affirmed. On appeal to this court,

plaintiffs argue that the jury's verdicts are inconsistent because the jury

awarded damages for pain-related medical expenses but awarded no damages for

pain and suffering.

                                    ANALYSIS

     Plaintiffs argue that they are entitled to damages for pain and

suffering. Specifically, plaintiffs contend that the jury ignored evidence of

headaches, abdominal pain, and neck pain. With respect to the headaches,

plaintiffs argue that the jury reimbursed Kimberly for the cost of a CAT

scan, which was needed for diagnosis. With respect to neck pain, plaintiffs

argue that the jury awarded damages relating to Kimberly's physical therapy

sessions with Dr. Neri in 1990 and that these sessions were needed to treat

Kimberly's neck pain. According to plaintiffs, the jury acted inconsistently

in awarding these pain-related medical expenses but in failing to award

damages for pain and suffering. Thus, plaintiffs argue, a new trial on the

issue of damages is required.

     This court has not previously addressed the precise issue raised by

plaintiffs. The decisions of the appellate court on the issue are in

conflict. Although the appellate opinions are not binding on this court,

their reasoning is instructive.

     In support of their position, plaintiffs rely primarily on Hinnen v.

Burnett, 144 Ill. App. 3d 1038 (1986). The facts in Hinnen are similar to

those present here. In Hinnen, the plaintiff was involved in an automobile

collision. The jury awarded the plaintiff $2,500 for pain-related medical

expenses relating to a neck injury but specifically made no award for pain

and suffering. The Hinnen court first noted that the testimony presented at

trial suggested that the neck injury was not serious and that the plaintiff

had little trouble returning to her everyday activities. Hinnen, 144 Ill.

App. 3d at 1045. The appellate court also noted that the jury could

reasonably conclude that the evidence of pain and suffering was minimal.

Hinnen, 144 Ill. App. 3d at 1045-46. Thus, the evidence supported the jury's

failure to award damages for pain and suffering.

     The Hinnen court nevertheless remanded the cause for a new trial on the

issue of damages:

          "[T]he verdict is irreconcilably inconsistent. If the jury believed

          that plaintiff had no compensable pain and suffering, its award of

          pain-related expenses was wholly unwarranted and contrary to the

          manifest weight of the evidence. Conversely, if it believed that

          plaintiff's pain and suffering were sufficiently serious to warrant

          expenditures for pain medication and physical therapy, its failure

          to award her compensation for that pain and suffering means that it

          disregarded a proven element of damages." Hinnen, 144 Ill. App. 3d

          at 1046.

Under the Hinnen analysis, any award of pain-related expenses without a

corresponding award of pain and suffering requires reversal per se, even if

the evidence of pain and suffering is insignificant or strongly disputed. See

also Kumorek v. Moyers, 203 Ill. App. 3d 908 (1990); Urban v. Zeigler, 261

Ill. App. 3d 1099 (1994).

     Other panels, however, have taken a more flexible approach. These

decisions have upheld jury verdicts where the evidence of pain and suffering

was minimal. In these cases, the nature and extent of the plaintiffs'

injuries were questionable. Because the plaintiffs' injuries were not

serious, the jury could reasonably infer that any pain and suffering was not

significant. These panels have therefore considered the strength of the

evidence of injury and of pain and suffering. See Paulan v. Jett, 190 Ill.

App. 3d 497 (1989); Chrysler v. Darnall, 238 Ill. App. 3d 673 (1992).

     One panel specifically criticized the majority analysis in Hinnen. In

Buttita v. Stenberg, 246 Ill. App. 3d 1012 (1993), the court maintained that

a jury verdict should be upheld given the jury's discretionary role in

assessing damages and given the fact that no error of law was alleged.

Specifically, the court stated:

               "We believe that the Hinnen majority departed from these well-

          settled principles of review. Where the pain and suffering element

          of plaintiff's evidence is weak or contested, as is often the case

          in a rear-end automobile accident case, the jury may merely reject

          plaintiff's pain and suffering evidence as unpersuasive or decide

          that a separate pain and suffering award is unjustified.

          Simultaneously, the jury may decide to compensate the plaintiff for

          her out-of-pocket medical expenses, including pain-related medical

          expenses. In the proper case, there is no inherent inconsistency in

          such an award. We agree with the Hinnen dissent that, where such an

          award finds justification in the evidence presented and does not

          violate one of the well-settled principles of review, it should be

          upheld on review. In short, damages are the jury's prerogative, not

          the appellate court's." Buttita, 246 Ill. App. 3d at 1024.

     We further note that other panels have cited Hinnen with approval but

are factually distinguishable based on the evidence of pain and suffering

presented. In those cases, the jury's award of $0 for pain and suffering was

not supported by the evidence. See Healy v. Bearco Management, Inc., 216 Ill.

App. 3d 945 (1991) (overturning a jury verdict of $120,767.31 for medical

expenses and $0 for pain and suffering in connection with a back injury where

the plaintiff introduced evidence of lengthy hospital stays, testimony

concerning how the injury had limited her former activities, and testimony

from numerous experts regarding the nature of her injury and her pain and

suffering); Rice v. Merchants National Bank, 213 Ill. App. 3d 790 (1991)

(overturning a jury verdict of $48,000 in medical expenses and $0 for pain

and suffering where the plaintiff presented expert testimony that she

suffered a fractured vertebra leading to permanent back pain, a broken pelvic

bone, and torn knee ligaments). The evidence in these cases established

significant injuries, which, in turn, justified and required an award for

pain and suffering.

     We next consider decisions from other jurisdictions. As with our

appellate court, the decisions from other jurisdictions are conflicting. Some

courts have held that an award for medical expenses without an award for pain

and suffering is inconsistent and requires reversal per se. See, e.g., Mason

v. District Board of Broward College, 644 So. 2d 160 (Fla. App. 1994); Kepley

v. Kim, 843 P.2d 133 (Colo. App. 1992); Cowan v. Flannery, 461 N.W.2d 155

(Iowa 1990); Bienvenu v. State Farm Mutual Automobile Insurance Co., 545 So.

2d 581 (La. App. 1989); Robertson v. Stanley, 285 N.C. 561, 206 S.E.2d 190

(1974). Other courts, however, have used a more flexible approach based on an

examination of the evidence. These courts have upheld jury verdicts where the

evidence of injury was slight or conflicting, and the jury could reasonably

conclude that plaintiff experienced no significant pain and suffering or, if

he did, that it was de minimis. See, e.g., Catalano v. Bujak, 537 Pa. 155,

642 A.2d 448 (1994); Hinson v. King, 603 So. 2d 1104 (Ala. Civ. App. 1992);

Symon v. Burger, 528 N.E.2d 850 (Ind. App. 1988); Wheeler v. Huston, 288 Or.

467, 605 P.2d 1339 (1980); Hunter v. Sorensen, 201 Neb. 153, 266 N.W.2d 529

(1978); Jahnke v. Smith, 56 Wis. 2d 642, 203 N.W.2d 67 (1973); Randles v.

Lowry, 4 Cal. App. 3d 68, 84 Cal. Rptr. 321 (1970); see generally Annotation,

Validity of Verdict Awarding Medical Expenses to Personal Injury Plaintiff,

but Failing to Award Damages for Pain and Suffering, 55 A.L.R.4th 186 (1987).

     We further note that a jury's award of damages is entitled to

substantial deference. The determination of damages is a question of fact

that is within the discretion of the jury. See Luther v. Norfolk & Western

Ry. Co., 272 Ill. App. 3d 16, 28 (1995); Marchese v. Vincelette, 261 Ill.

App. 3d 520, 529 (1994). This court will not upset a jury's award of damages

"unless a proven element of damages was ignored, the verdict resulted from

passion or prejudice, or the award bears no reasonable relationship to the

loss suffered." Gill v. Foster, 157 Ill. 2d 304, 315 (1993); see also Hollis

v. R. Latoria Construction, Inc., 108 Ill. 2d 401, 407 (1985).

     After considering the authorities and given the traditional deference to

the jury's role in determining damages, we hold that a jury may award pain-

related medical expenses and may also determine that the evidence of pain and

suffering was insufficient to support a monetary award. We believe that it

lies within the jury's power and discretion to award nothing for pain and

suffering in this circumstance where the evidence supports such an award.

Accordingly, we find that the jury's verdict is not inconsistent.

     In this case, Kimberly testified that she was on her school's tennis

team and missed a few days of tennis because of the collision. After that,

she was able to play tennis every day. Kimberly also missed several days of

gym class. Kimberly had few, if any, objective symptoms of injury; she relied

instead on subjective complaints of pain. The defense called an expert who

strongly disputed the nature and extent of the injuries and of any pain and

suffering. The jury determines the credibility of the witnesses and the

weight to be given their testimony. Maple v. Gustafson, 151 Ill. 2d 445, 452

(1992). Credibility was significant in this case in light of Kimberly's delay

in seeking some of the treatment, her ability to continue participating in

everyday activities, the subjective nature of her complaints, and the

conflicting expert testimony. Based on the evidence, the jury could have

simply concluded Kimberly suffered only minor injury and awarded damages

accordingly.

     We must consider this situation realistically. The jury's computations

when determining a dollar amount for damages is not precise and is subject to

compromise. An award for pain and suffering is especially difficult to

quantify. Caley v. Manicke, 24 Ill. 2d 390, 392-93 (1962). Furthermore,

unlike economic damages, such as medical expenses, an award for pain and

suffering is not as readily calculable in money and jurors must draw on their

real life experiences in making an award. 2 D. Dobbs, Law of Remedies

§8.1(4), at 382 (2d ed. 1993). The record contains no suggestion of mistake,

confusion, partiality, or prejudice on the part of jury. Plaintiffs have

alleged no error of law, such as the improper admission of evidence, which

would affect the jury verdict. The jury was well within the confines of the

evidence in concluding that Kimberly suffered only minimal discomfort, which

was not compensable.

     We emphasize that, in other cases, an award of medical expenses without

a corresponding award for pain and suffering may be inappropriate. If the

evidence clearly indicates that plaintiff suffered serious injury, a verdict

for medical expenses alone could be inconsistent. This determination is best

made by the trial court in a post-trial motion. The trial court's ruling on

a motion for a new trial will not be reversed unless the trial court abuses

its discretion. Maple, 151 Ill. 2d at 455.

     In making this determination, the trial court should consider the

distinction between subjective complaints of injury and objective symptoms.

In cases in which a plaintiff's evidence of injury is primarily subjective in

nature and not accompanied by objective symptoms, the jury may choose to

disbelieve the plaintiff's testimony as to pain. In such a circumstance, the

jury may reasonably find the plaintiff's evidence of pain and suffering to be

unconvincing.

     Finally, plaintiffs raise, for the first time on appeal, a claim that

Kimberly should have been awarded damages for disability. This argument was

not specifically raised in the motion for new trial or in the appellate

court. Accordingly, the issue is waived and we decline to address it. See

People ex rel. Waller v. 1989 Ford F350 Truck, 162 Ill. 2d 78, 90-91 (1994).

     For the foregoing reasons, the judgment of the appellate court is

affirmed.

                                                                       Affirmed.

     JUSTICE HARRISON, dissenting:

     For the reasons explained in Hinnen v. Burnett, 144 Ill. App. 3d 1038,

1046 (1986), the jury's verdict is irreconcilably inconsistent and must be

set aside. There is no dispute that plaintiff received physical therapy from

Dr. Neri to treat her complaints of headache, dizziness, and neck pain. If

she was entitled to recover for this pain-related medical treatment, as the

jury found she was, she was also entitled to damages for the underlying pain

and suffering that Dr. Neri was attempting to treat. There is no logical

basis for allowing one without the other. Any pain severe enough to justify

medical care is severe enough to warrant compensation.

     The soundness of this approach has been repeatedly recognized by the

appellate court (see Urban v. Zeigler, 261 Ill. App. 3d 1099 (1994); Rice v.

Merchants National Bank, 213 Ill. App. 3d 790, 802-03 (1991); Kumorek v.

Moyers, 203 Ill. App. 3d 908, 912-13 (1990); Schranz v. Halley, 128 Ill. App.

3d 125, 126-27 (1984)), including the second district, which adopted an

opinion written by the same justice who authored the majority's disposition

in this case and specifically followed Hinnen (see Healy v. Bearco

Management, Inc., 216 Ill. App. 3d 945, 954-55 (1991)). Although Hinnen has

been distinguished on its facts (see Knight v. Lord, 271 Ill. App. 3d 581,

591 (1995); Butkewicz v. Chicago Transit Authority, 252 Ill. App. 3d 914,

919-20 (1993); Craigmiles v. Egan, 248 Ill. App. 3d 911, 928 (1993); Perry v.

Storzbach, 206 Ill. App. 3d 1065, 1068-69 (1990); Griffin v. Rogers, 177 Ill.

App. 3d 690, 694 (1988)), only one panel in one district has expressly

refused to follow it (see Buttita v. Stenberg, 246 Ill. App. 3d 1012 (1993)),

and its discussion was merely dicta. Disavowal of Hinnen was completely

unnecessary to the court's disposition of the case, for unlike Hinnen, the

plaintiff had not been awarded all of her medical expenses and it was unclear

whether the amount she did receive included any expenses related to her pain.

Buttita, 246 Ill. App. 3d at 1022.

     In rejecting Hinnen and the virtually unbroken line of cases that has

followed it, my colleagues rely on "the traditional deference to the jury's

role in determining damages." Slip op. at 7. That reliance is misplaced. As

the majority itself acknowledges, the deference we afford jurors has never

been understood to mean that they are free to disregard a proven element of

damages. See Gill v. Foster, 157 Ill. 2d 304, 315 (1993). In the case before

us, pain and suffering were clearly established. If they had not been, there

would have been no basis for the jury's award of damages for plaintiff's

pain-related therapy sessions. Some award for pain and suffering should

therefore have been granted.

     My colleagues reason that even if plaintiff did experience pain and

suffering as she claimed, the jury may have concluded that it was too

insignificant to merit compensation. Slip op. at 8. Again, however, the

majority misses the basic inconsistency in the jury's verdict. If the jury

believed that plaintiff was not really suffering, why did it agree to award

her damages for so many therapy sessions? If she was just malingering, the

jury should not only have denied her damages for pain and suffering, it

should also have limited her compensation to the cost of her initial care and

diagnosis and disallowed the cost of all of the subsequent therapy sessions.

It did not do so, and my colleagues' appeal to notions of flexibility and

realism cannot resolve this contradiction.

     For the foregoing reasons, I would reverse the judgments of the

appellate and circuit courts and remand the cause for a new trial on the

issue of damages. I therefore dissent.

     JUSTICE  HEIPLE joins in this dissent.