COURT OF APPEALS
DECISION
DATED AND FILED

February 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1648**

STATE OF WISCONSIN

Cir. Ct. No. 2016CV937

IN COURT OF APPEALS
DISTRICT I

MARK DONOHOE,

PLAINTIFF-APPELLANT,

OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND,

INVOLUNTARY-PLAINTIFF-RESPONDENT,

V.

CHRISTOPHER BITZ,

DEFENDANT-RESPONDENT,

ABC COMPANY,

DEFENDANT,

MICHELLE L. NOVARA,

THIRD-PARTY DEFENDANT.

APPEAL from an order of the circuit court for Milwaukee County: CLARE L. FIORENZA, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Mark Donohoe appeals from an order denying his request for a new trial or additur and his request to reduce a subrogation lien. We reject his arguments and affirm.

## BACKGROUND

¶2 Donohoe fell on an ice-covered stoop outside a residence owned by Christopher Bitz. Donohoe sought past and future damages.

¶3 Operating Engineers Local 139 Health Benefit Fund (the Fund), which had paid medical claims and disability benefits for Donohoe, was joined as an involuntary plaintiff. The Fund asserted it had a subrogated interest in any recovery.

¶4 A multiple-day jury trial took place. The jury found Donohoe 10% negligent, Bitz 56% negligent, and a third-party defendant, Michelle Novara, 34% negligent.[1] The jury awarded Donohoe $71,279.85 in past medical bills and $10,000 in past pain, suffering, and disability. The jury did not award Donohoe

---

[1] Donohoe subletted a room from Michelle Novara on Bitz's property. As Novara was a tenant, she was responsible for shoveling the snow on the property.

any damages for past wage loss, future medical bills, or future pain, suffering, and disability.

¶5 Donohoe filed a motion challenging the jury's verdict and requesting a new trial or additur.[2] Subsequently, Donohoe filed another motion requesting that the circuit court reduce the Fund's subrogation lien from $69,439.08 to $19,676.88.

¶6 After further briefing and argument, the circuit court denied Donohoe's requested relief. The circuit court found that the jury's verdict was supported by credible evidence. The circuit court also rejected Donohoe's request to reduce the Fund's subrogation lien.

¶7 On appeal, Donohoe renews his arguments that the record does not support the jury's verdict and that the Fund's subrogation lien should be reduced. Additional relevant facts are included below.

## DISCUSSION

*I.     Credible evidence exists to support the jury's verdict.*

¶8 Donohoe argues that the record does not support the jury's finding that he was 10% negligent. Donohoe asserts the jury and the circuit court overlooked the fact that the only way for him to leave the residence was to walk over an ice-covered stoop.

---

[2] Additionally, Donohoe requested that the circuit court hold Bitz "jointly and severally liable for at least 90% of the verdict." The court granted this request. This issue is not renewed on appeal.

¶9     The existence of contradictory evidence, however, does not provide grounds to overturn a jury's verdict. *See Legue v. City of Racine*, 2014 WI 92, ¶137, 357 Wis. 2d 250, 849 N.W.2d 837.  An appellate court will not overturn a jury's verdict "if there is any credible evidence to support [it]." *Staehler v. Beuthin*, 206 Wis. 2d 610, 617, 557 N.W.2d 487 (Ct. App. 1996) (brackets in *Staehler*; citation omitted).  "When the verdict has the [circuit] court's approval, this is even more true." *Id.*

¶10     Here, Donohoe admitted at trial that he saw the ice before he stepped on it and he was aware that a leaky soffit led to an ice build-up.  He also admitted that he had purchased bags of salt in the past to assist in keeping the stoop free from ice.  This exemplifies sufficient credible evidence for the jury to conclude that Donohoe was negligent when he decided to walk over the stoop.  Accordingly, Donohoe's argument that the record does not support the jury's finding that he was 10% negligent fails.

¶11     In addition, Donohoe argues the jury's award is "inadequate" and "inconsistent" because:  (1) the jury's finding of $10,000 for past pain, suffering, and disability is "grossly disproportionate" to the amount of past medical bills of $71,279.85 awarded; and (2) the lack of any future award for medical bills and pain, suffering, and disability does not sufficiently reflect the loss he suffered.

Thus, Donohoe argues that the circuit court erred in denying his request for a new trial or additur.[3] We disagree.

¶12     As Donohoe acknowledges, the jury heard competing opinions about Donohoe's injuries and medical treatments.  Dr. Thomas Stauss opined that Donohoe suffered a permanent injury as a result of the fall and underwent treatment that would continue to be necessary in the future.  In contrast, Bitz's expert, Dr. Michael C. Reineck, opined that Donohoe's fall-related injuries were resolved in less than a month and that the treatment Donohoe has continued to receive is due to other causes.

¶13     In cases where there is conflicting testimony, it is up to the jury to determine the credibility of witnesses, resolve conflicts, and weigh and draw reasonable inferences from the evidence.  *See Geise v. American Transmission Co. LLC*, 2014 WI App 72, ¶13, 355 Wis. 2d 454, 853 N.W.2d 564.

¶14     Here, based on Dr. Reineck's testimony that Donohoe's fall-related injuries were resolved in less than a month, there was credible evidence to support the jury's lack of an award for future pain, suffering, and disability and medical bills.  Likewise, given Dr. Reineck's testimony, there was credible evidence for

---

[3] A party may move for a new trial "because of errors in the trial, or because the verdict is contrary to law or to the weight of evidence, or because of excessive or inadequate damages, or because of newly-discovered evidence, or in the interest of justice."  WIS. STAT. § 805.15(1) (2017-18).  Additur is a mechanism which allows a circuit court to set aside excessive or inadequate damages and order a new trial on the issues of damages "unless … the party to whom the option is offered elects to accept judgment in the changed amount."  Sec. 805.15(6).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the jury's determination that Donohoe was only entitled to $10,000 in past pain, suffering, and disability.

¶15    Donohoe argues that the jury's award of $71,279.85 in past medical bills, not $9,306.52 as Dr. Reineck recommended, was a "clear expression" that the jury did not find Dr. Reineck credible.  The jury, however, was permitted to credit certain aspects of the testimony and reject other portions.  *Id.*; *see also* *Jahnke v. Smith*, 56 Wis. 2d 642, 653, 203 N.W.2d 67 (1973) ("A verdict is not inconsistent because it allows damages for medical expenses and denies recovery for personal injuries or pain and suffering.").  We will not overturn a jury's verdict when there is credible evidence to support it.

## II.    *Donohoe forfeited his request to reduce the Fund's subrogation lien.*

¶16    Donohoe argues that the joinder statute, WIS. STAT. § 803.03, the comparative negligence statute, WIS. STAT. § 895.045, and the jury verdict, require a reduction to the Fund's lien.  Donohoe requests that the Fund's lien be reduced from $69,439.08 to $19,676.88 to account for the fact that:  (1) the jury did not award lost wages; (2) certain medical claims deemed unrelated by Donohoe's counsel were not submitted to the jury; (3) the jury only awarded Donohoe 52% of his claimed past medical bills; and (4) the jury found Donohoe 10% negligent..

¶17    The Fund responds that Donohoe forfeited[4] his challenge.  We agree.

---

[4] The Fund uses the term "waiver."   "Although cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'"  *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (citation omitted).  Because Donohoe's failure to object is at issue here, forfeiture is the appropriate term.  *See id.*, ¶30.

¶18    Prior to trial, the Fund filed a "brief and request for relief from attendance at trial." The Fund asserted that it was a self-insured, multi-employer plan governed by the Employer Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (ERISA). It stated that because "the Fund is an ERISA plan and has specific provisions regarding [Donohoe's] subrogation obligations to the Fund, all state statutory or common law claims … are preempted."

¶19    Along with the brief, the Fund submitted a proposed order, which stated that "[t]he Fund's subrogated interest is not in dispute and may not be impaired by these proceedings as a result of federal preemption" and that "[t]he Fund need not appear at trial in this matter to prove its interest or otherwise defend itself[.]"

¶20    Subsequently, the circuit court signed the Fund's proposed order. The record does not reflect any written or oral objection to the order from Donohoe.[5]

¶21    Based on Donohoe's lack of objection to the order, we find that Donohoe forfeited his challenge to the Fund's lien. A timely objection is necessary to preserve an issue for appeal. *See Estate of Miller v. Storey*, 2017 WI

---

[5] On the same date that the signed order was filed, an off-the-record pretrial conference was held. According to the Fund, in chambers, the circuit court asked if there were any objections to the Fund's brief. Donohoe did not object and the court entered the order. Donohoe does not dispute that he failed to object. Rather, Donohoe contends that the Fund's request "was simply a request that its counsel not have to appear at trial." This, however, is belied by the record. The first sentence in the court's order, which was filed prior to the hearing, states that the Fund's "subrogated interest is not in dispute and may not be impaired by these proceedings as a result of federal preemption[.]"

99, ¶67, 378 Wis. 2d 358, 903 N.W.2d 759. We therefore decline to address Donohoe's argument regarding the Fund's lien.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.