# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2043 |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David A. Lemanski, Attorney at Law: Office of Lawyer Regulation, Complainant, v. David A. Lemanski, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST LEMANSKI

| | |
|---|---|
| OPINION FILED: | February 5, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2014AP2043-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against David A. Lemanski, Attorney at Law:**

**Office of Lawyer Regulation,**

**FILED**

Complainant,

**FEB 5, 2015**

v.

**David A. Lemanski,**

Diane M. Fremgen
Clerk of Supreme Court

Respondent.

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1  PER CURIAM.  This is a reciprocal discipline matter. The Office of Lawyer Regulation (OLR) filed a complaint against Attorney David A. Lemanski seeking the imposition of discipline reciprocal to that imposed by the Iowa Supreme Court.  On December 20, 2013, the Iowa Supreme Court suspended Attorney Lemanski's Iowa law license for 60 days, effective December 20, 2013, based on two counts of misconduct.  Upon our review, we impose the same 60-day suspension imposed by the Iowa Supreme

Court. The OLR does not seek costs. Accordingly, no costs will be imposed.

¶2 Attorney Lemanski was admitted to practice law in Iowa in 1979. He was admitted to practice law in Wisconsin in 2002. His Wisconsin license is currently active and in good standing.

¶3 The following facts are taken from the documents attached to the OLR's complaint relating to the Iowa disciplinary proceedings. Attorney Lemanski has been the subject of professional discipline in Iowa on three prior occasions. The Iowa Supreme Court Attorney Disciplinary Board admonished him in 1997 for neglect of a client matter and in 2007 for lack of diligence in an estate matter. In 2000, the Iowa Supreme Court suspended Attorney Lemanski for 30 days for neglect, failure to promptly disburse settlement funds, and failure to respond to inquiries from the Iowa Supreme Court Attorney Disciplinary Board.

¶4 Attorney Lemanski's misconduct in the instant case involved his delay in disbursing settlement funds to his personal injury client. The delay stemmed from Attorney Lemanski's difficulty in settling a Medicare subrogation claim, which he was required to resolve before disbursing the settlement funds to his client. Attorney Lemanski failed to keep his client informed of the progress of the case. After the client filed a complaint with the Iowa Supreme Court Attorney Disciplinary Board, Attorney Lemanski resolved the subrogation matter and disbursed the settlement funds. However, Attorney Lemanski failed to respond to the Board's requests for

2

information. The Iowa Supreme Court ultimately found that Attorney Lemanski committed two counts of misconduct: failure to properly communicate with a client and failure to respond to a demand for information from the Board. The Iowa Supreme Court suspended Attorney Lemanski from the practice of law in Iowa for a period of 60 days, effective December 20, 2013.

¶5 On August 29, 2014, the OLR filed a complaint alleging that, by virtue of the 60-day Iowa suspension, Attorney Lemanski was subject to reciprocal discipline in Wisconsin. On October 8, 2014, pursuant to Supreme Court Rule (SCR) 22.12, the OLR and Attorney Lemanski entered into a stipulation whereby they stipulated to the 60-day suspension of Attorney Lemanski's Wisconsin law license, reciprocal to the discipline imposed in Iowa.

¶6 Attorney Lemanski agrees that the facts alleged in the OLR's complaint and the documents from the Iowa proceeding attached thereto form a basis for the discipline requested. The parties aver that the stipulation did not result from plea bargaining. Attorney Lemanski states that he does not contest the facts and misconduct alleged by the OLR, or the discipline that the OLR director is seeking in this matter. Attorney Lemanski states that he fully understands the misconduct allegations; the ramifications should the court impose the stipulated level of discipline; his right to contest this matter; and his right to consult with counsel. Attorney Lemanski states that his entry into the stipulation is made knowingly and voluntarily, and that it represents his decision

3

not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR's director.

¶7  Upon our review of the matter, we accept the stipulation and impose discipline identical to that imposed by the Iowa Supreme Court.

¶8  IT IS ORDERED that the license of David A. Lemanski to practice law in Wisconsin is suspended for a period of 60 days, effective March 7, 2015.

¶9  IT IS FURTHER ORDERED that David A. Lemanski shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.