# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2125 - D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jeff D. Stobbe, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　Complainant,<br>　　　v.<br>Jeff D. Stobbe,<br>　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STOBBE

| | |
|---|---|
| OPINION FILED: | April 28, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2125-D

STATE OF WISCONSIN               :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jeff D. Stobbe, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**Jeff D. Stobbe,**

       **Respondent.**

**FILED**

**APR 28, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1   PER CURIAM.   We review, pursuant to Supreme Court Rule (SCR) 22.17(2), the report of the referee, Michael F. Dubis, recommending that the court publicly reprimand Attorney Jeff D. Stobbe for professional misconduct.   No appeal has been filed.

¶2 We approve and adopt the referee's findings of fact and conclusions of law.   We agree that Attorney Stobbe's misconduct

warrants a public reprimand.  We impose the full costs of this proceeding, which total $890.68 as of March 3, 2015.

¶3  Attorney Stobbe was admitted to practice law in Wisconsin in 2002.  He resides in Muskego, Wisconsin.  Attorney Stobbe's Wisconsin law license has been administratively suspended since June 4, 2013, pursuant to SCR 31.10(1), as a result of his failure to satisfy mandatory continuing legal education requirements for the 2011-12 period.

¶4  On September 9, 2014, the Office of Lawyer Regulation (OLR) filed a six-count complaint alleging that Attorney Stobbe committed misconduct in connection with five client matters. Michael Dubis was appointed referee on October 28, 2014.  On December 17, 2014, the parties entered into a comprehensive stipulation regarding both misconduct and discipline.

¶5  On January 29, 2015, the referee filed a report and recommendation accepting the parties' stipulation, adopting the factual findings set forth therein, and concluding that Attorney Stobbe engaged in the alleged misconduct.  The OLR filed a restitution statement on February 10, 2015, indicating it was not seeking restitution.

¶6  The OLR alleged and the parties stipulated that by failing to file a post-conviction motion or notice of appeal from a sentencing after probation revocation, prior to the time expiring for such filings, and by otherwise failing to act in

furtherance of his client A.Z.'s interests, Attorney Stobbe violated SCR 20:1.3.[1]

¶7 The OLR alleged and the parties stipulated that by failing to file a post-conviction motion or notice of appeal from a sentencing after revocation of extended supervision, prior to the time expiring for such filings, and by otherwise failing to act in furtherance of his client M.R.'s interests, Attorney Stobbe violated SCR 20:1.3.

¶8 The OLR alleged and the parties stipulated that by failing to file a post-conviction motion or notice of appeal from a sentencing after probation revocation, prior to the time expiring for such filings, and by otherwise failing to act in furtherance of his client D.M.'s interests, Attorney Stobbe violated SCR 20:1.3.

¶9 The OLR alleged and the parties stipulated that by failing to file compliant briefs and appendices in his client J.O.'s appeal, even after receiving orders from the court of appeals, Attorney Stobbe violated SCRs 20:1.3 and 20:3.4(c).[2]

¶10 The OLR alleged and the parties stipulated that by failing to file compliant briefs and appendices in his client

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

L.L.'s appeal, even after the court of appeals ordered him to do so, Attorney Stobbe violated SCRs 20:1.3 and 20:3.4(c).

¶11 The OLR alleged and the parties stipulated that by failing to either pay sanctions imposed by the court in the matters of J.O. and L.L. or move for relief from the financial penalties, Attorney Stobbe violated SCR 20:3.4(c).

¶12 This court will affirm a referee's findings of fact unless they are clearly erroneous; conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶13 Briefly stated, over a period of several months in 2010, Attorney Stobbe missed a series of filing deadlines for several clients, failed to file appropriate appellate briefs, and then failed to respond to court orders directing filing and imposing sanctions. The record before us does not clearly indicate what led to this misconduct, but it appears that Attorney Stobbe was in poor health at the time.

¶14 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Stobbe violated the supreme court rules set forth above. We further agree with the referee that a public reprimand is an appropriate sanction for the misconduct at issue here, and we agree that

4

Attorney Stobbe should be required to pay the full costs of the proceeding.

¶15 IT IS ORDERED that Jeff D. Stobbe is publicly reprimanded for professional misconduct.

¶16 IT IS FURTHER ORDERED that within 60 days of the date of this order, Jeff D. Stobbe shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶17 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.