# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP684-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against David A. Lemanski, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>David A. Lemanski,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST LEMANSKI

| | |
|---|---|
| OPINION FILED: | February 1, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

**2017 WI 5**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP684-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against David A. Lemanski, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

    v.

David A. Lemanski,

      Respondent.

**FILED**

**FEB 1, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report of Referee John Nicholas Schweitzer, which concluded that Attorney David A. Lemanski had committed three counts of professional misconduct and recommended (1) that the court publicly reprimand Attorney Lemanski, (2) that Attorney Lemanski's continued practice of law be conditioned on his payment of a sanction imposed by the Grant County circuit court, and (3) that Attorney Lemanski be ordered to pay the costs of this proceeding, which were $1,192.03 as of

September 19, 2016. Because no appeal of this report has been filed, our review of this matter proceeds pursuant to Supreme Court Rule (SCR) 22.17(2).[1] Ultimately, we conclude that a public reprimand and the imposition of a condition on Attorney Lemanski's practice of law in this state are appropriate forms of discipline in this matter. We further determine that Attorney Lemanski should be required to pay the full costs of this proceeding.

¶2 Attorney Lemanski was admitted to the practice of law in this state in October 2002. He most recently practiced law in Dubuque, Iowa.

¶3 Attorney Lemanski has been the subject of professional discipline in this state on one prior occasion. In March 2015 this court suspended his license to practice law in Wisconsin for a period of 60 days, as discipline reciprocal to that imposed by the Supreme Court of Iowa. In re Disciplinary Proceedings Against Lemanski, 2015 WI 10, 360 Wis. 2d 643, 858 N.W.2d 696. It does not appear that Attorney Lemanski's Wisconsin license was reinstated following that disciplinary suspension. There is no evidence that Attorney Lemanski

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

complied with the applicable reinstatement requirements of SCR 22.28(2), including the filing of an affidavit with the Office of Lawyer Regulation (OLR) showing full compliance with all of the terms and conditions of this court's suspension order. In addition, Attorney Lemanski's license is also subject to two other suspensions. First, in October 2015 Attorney Lemanski's license was administratively suspended due to his failure to pay bar dues and assessments and his failure to complete the trust account certification. Second, on November 4, 2015, this court temporarily suspended Attorney Lemanski's license due to his willful failure to cooperate with a grievance investigation conducted by the OLR. Office of Lawyer Regulation v. Lemanski, No. 2015XX1279-D, unpublished order (S. Ct. November 4, 2015).

¶4 The OLR commenced this action with the filing of a complaint alleging three counts of professional misconduct. Attorney Lemanski filed an answer admitting all of the allegations of the complaint. Consequently, the referee granted the OLR's motion for judgment on the pleadings. While Attorney Lemanski admitted the allegations of misconduct, he did not agree to the level of discipline sought by the OLR. As it had requested in its complaint, the OLR urged the referee to recommend the imposition of a public reprimand. Attorney Lemanski, on the other hand, asked that the reprimand be private in nature. As noted above, the referee agreed with the OLR that a public reprimand was the appropriate level of discipline.

3

¶5 Given Attorney Lemanski's admissions in his answer, the referee used the allegations of the OLR's complaint as his findings of fact. They are summarized below.

¶6 Counts 1 and 2 of the OLR's complaint relate to Attorney Lemanski's representation of S.K. in a legal separation proceeding. S.K. retained Attorney Lemanski in September 2014. In late November 2014 he informed Attorney Lemanski that he was terminating his services.

¶7 Attorney Lemanski did not notify opposing counsel that his representation of S.K. had been terminated. Accordingly, in early January 2015 opposing counsel sent a notice of deposition of S.K. to Attorney Lemanski, assuming that Attorney Lemanski was still representing S.K. Because Attorney Lemanski failed to forward the notice to him, S.K. did not appear at the deposition.

¶8 On January 29, 2015, opposing counsel filed a motion to compel S.K.'s deposition and for other relief. On February 11, 2015, Attorney Lemanski formally withdrew as S.K.'s counsel.

¶9 On February 12, 2015, the judge in S.K.'s proceeding ordered Attorney Lemanski to pay $1,471.50 to the opposing party as reimbursement for its fees and costs related to the missed deposition and other missed discovery deadlines. Attorney Lemanski failed to pay the fees and costs as ordered.

¶10 In June 2015 the OLR sent a written notice to Attorney Lemanski advising him that it was investigating his conduct in the representation of S.K. and directing him to provide a response by July 27, 2015. On July 24, 2015, Attorney Lemanski

4

asked for and was orally granted an extension of time until August 17, 2015, to submit his written response to the grievance. He was told that he should call the OLR if he needed more time to respond. Attorney Lemanski, however, did not submit a response nor did he ask for a further extension of time.

¶11 Consequently, on August 24, 2015, the OLR sent Attorney Lemanski a second letter requesting a response by September 4, 2015. Attorney Lemanski received the OLR's letter, but failed to respond.

¶12 In September 2015 the OLR moved the court for the temporary suspension of Attorney Lemanski's license under SCR 22.03(4) due to his willful failure to cooperate with the OLR's investigation. This court issued an order directing Attorney Lemanski to show cause why his license should not be temporarily suspended, but he did not respond to the order. Ultimately, on November 4, 2015, this court granted the OLR's motion and temporarily suspended Attorney Lemanski's license to practice law in this state.

¶13 Based on these facts, the referee concluded that Attorney Lemanski had committed two counts of professional misconduct. First, the referee determined that Attorney Lemanski's failure to pay the costs and fees of the opposing party as ordered by the circuit court had violated SCR

5

20:3.4(c).[2]   Second, the referee concluded that Attorney Lemanski's failure to respond to the OLR's letters had violated SCR 22.03(2) and (6),[3] which are enforced through SCR 20:8.4(h).[4]

¶14 Count 3 of the OLR's complaint stems from Attorney Lemanski's representation of L.A. in a divorce proceeding.

---

[2] SCR 20:3.4(c) provides:  "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[3] SCR 22.03 (2) and (6) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response.  The director may allow additional time to respond.  Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[4] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

Attorney Lemanski formally appeared for L.A. on November 7, 2008, a little less than one month after the divorce proceeding had been initiated. The referee found that it was reasonably foreseeable at the time that the total cost of the representation would exceed $1,000. Indeed, Attorney Lemanski accepted a $2,000 advanced payment from L.A. at the start of the representation. Nonetheless, Attorney Lemanski never prepared a written fee agreement.

¶15 Attorney Lemanski represented L.A. through a trial, through the entry of a judgment of divorce, and through the filing of a notice of appeal. On August 9, 2010, Attorney Lemanski withdrew as L.A.'s counsel. Attorney Lemanski billed for his services on an hourly basis. By the time he withdrew as counsel, the entire $2,000 advanced fee had been applied toward Attorney Lemanski's fees and expenses. Indeed, Attorney Lemanski later submitted an additional invoice to L.A. that exceeded $1,000.

¶16 On the basis of these facts, the referee determined that Attorney Lemanski's failure to complete a written fee agreement, despite his acceptance and use of a $2,000 advance fee and his submission of an additional invoice in excess of $1,000, had violated SCR 20:1.5(b)(1) and (2).[5]

---

[5] SCR 20:1.5(b)(1) and (2) provides:

(1) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after

(continued)

¶17 The referee noted that in light of Attorney Lemanski's admission of the OLR's factual allegations, the sole issue of dispute between the parties was the level of discipline to be imposed. The OLR sought a public reprimand, the conditioning of Attorney Lemanski's practice of law in this state on his payment of the $1,471.50 in fees and costs, as ordered by the circuit court, and a requirement that Attorney Lemanski pay the full costs of this disciplinary proceeding. Attorney Lemanski, on the other hand, argued that a private reprimand was the appropriate level of discipline.

¶18 The referee agreed with the OLR's request for a public reprimand. He noted that the purposes of imposing professional discipline include protecting the public from further misconduct by the respondent attorney, deterring other attorneys from engaging in similar misconduct, and rehabilitating the respondent attorney. The referee determined that a private

commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

(2) If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

reprimand would not sufficiently impress upon Attorney Lemanski the need to practice law competently and in accordance with his ethical obligations. The referee also believed that the imposition of a private reprimand on an attorney who had knowingly violated a court order and had knowingly chosen not to cooperate with an OLR investigation "would not adequately impress on other attorneys the need to follow the rules." Finally, the referee concluded that imposing a private reprimand would not have any rehabilitative effect on Attorney Lemanski.

¶19 The referee further agreed with the OLR that Attorney Lemanski should be required, as a condition of his practice of law in this state, to make the $1,471.50 payment as ordered by the circuit court. In its restitution statement, the OLR acknowledged that this amount is not really restitution because it is not the return of money held by the respondent attorney. Nonetheless, the OLR urged that payment of this award to the party opposing S.K. be included in the court's judgment as a way to reinforce the circuit court's order.

¶20 With respect to the issue of costs, the referee determined that there was no basis to deviate from the court's usual practice of imposing full costs on an attorney who is found to have committed professional misconduct. Although costs often are not imposed where a respondent attorney resolves the matter by stipulation prior to the filing of a complaint, in this case Attorney Lemanski chose not to enter into such a stipulation.

¶21 The standard we employ to review a referee's report and recommendation in an attorney disciplinary case is well-established. We affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶22 In this instance, given Attorney Lemanski's admission of the allegations in the OLR's complaint, there is no dispute that the referee's factual findings are appropriate. Moreover, we conclude that those factual findings adequately support legal conclusions that Attorney Lemanski engaged in the three counts of professional misconduct with which he was charged.

¶23 The primary matter here that requires our consideration is the proper level of discipline to impose on Attorney Lemanski. We agree with the OLR and the referee that a private reprimand would not be sufficient under these circumstances and that a public reprimand is the appropriate level of discipline. See In re Disciplinary Proceedings Against Stobbe, 2015 WI 43, 362 Wis. 2d 69, 862 N.W.2d 152 (imposing public reprimand, based upon respondent attorney's stipulation of facts and misconduct, where attorney failed to proceed with diligence and failed to comply with court orders to file

10

compliant briefs and to pay sanctions imposed for failing to do so). Here, there was misconduct in connection with two separate representations. Further, the misconduct involved the failure to obey a court order, which is a serious breach of an attorney's obligations as an officer of the court. Moreover, this is not the first time that Attorney Lemanski is being disciplined for professional misconduct. The earlier 60-day reciprocal suspension stemmed in part from failing to respond to a demand for information from the regulatory authorities in Iowa. His failure here to respond to the OLR's request for a response to its grievance investigation is therefore a continuing pattern of disregard toward his obligations to cooperate with grievance investigations. We conclude that a private reprimand in such circumstances would not sufficiently impress upon Attorney Lemanski the seriousness of his misconduct and the need for him to conform his conduct in the future to the Rules of Professional Conduct for Attorneys.

¶24 We turn next to the referee's recommendation that we require Attorney Lemanski to pay the opposing party's costs and fees in the amount of $1,471.50, as ordered by the court in S.K.'s legal separation proceeding. We agree with the OLR's observation that placing this condition on Attorney Lemanski's practice of law does not constitute a restitution award. Imposing such a condition would not require Attorney Lemanski to restore funds to the proper recipient of the funds, either a client or a third party. Nonetheless, we may require Attorney Lemanski to make this payment as a form of discipline that is

11

designed to promote his compliance with the law and ethical obligations as an officer of the court. See SCR 21.16(1m)(d) and (e) (professional discipline may include the imposition of conditions on the attorney's continued practice of law and the imposition of monetary payments). It is an obvious maxim that an officer of the court must obey the lawful orders of the court. Accordingly, we direct Attorney Lemanski, as a condition of his practice of law in this state, to pay the opposing party's costs and fees in the S.K. matter in the amount of $1,471.50, as ordered by the circuit court. We differ from the referee's recommendation with respect to the time for Attorney Lemanski to accomplish this payment. Attorney Lemanski has already had almost two years to make this payment pursuant to the circuit court's order. We therefore require him to make the payment within the next 60 days rather than the 120-day period recommended by the referee.

¶25 We also require Attorney Lemanski to pay the full costs of this proceeding. There is no reason here to depart from our general practice of imposing costs on an attorney found to have committed professional misconduct. Although Attorney Lemanski did admit the factual allegations and charges of misconduct in the OLR's complaint, thereby avoiding the need for a disciplinary hearing, he chose not to enter a stipulation under SCR 22.12, which resulted in the OLR's drafting of a complaint and the appointment of a referee. He should be responsible for the associated costs of this proceeding.

12

¶26 Finally, we address the status of the temporary, disciplinary, and administrative suspensions that currently are imposed on Attorney Lemanski's license to practice law in this state. Because this opinion resolves the matter for which we previously imposed the temporary suspension due to Attorney Lemanski's failure to cooperate, we now lift that temporary suspension under SCR 22.03(4). Attorney Lemanski's license, however, remains subject to the previous disciplinary suspension and to the administrative suspension imposed due to his failure to pay bar dues and assessments and his failure to complete the trust account certification. Attorney Lemanski must complete the necessary steps to lift all such disciplinary and administrative suspensions before he will be entitled to practice law in this state again.

¶27 IT IS ORDERED that David A. Lemanski is publicly reprimanded for his professional misconduct.

¶28 IT IS FURTHER ORDERED that the November 4, 2015 temporary suspension of David A. Lemanski's license to practice law in Wisconsin, due to his willful failure to cooperate with the grievance investigation in this matter by the Office of Lawyer Regulation, is lifted.

¶29 IT IS FURTHER ORDERED that the 60-day disciplinary suspension OF David A. Lemanski's license to practice law in Wisconsin will remain in effect until he complies with all of the requirements for reinstatement following a disciplinary suspension of less than six months and an order of reinstatement is issued. See SCR 22.28(2).

13

¶30 IT IS FURTHER ORDERED that the administrative suspension of David A. Lemanski's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and his failure to file a trust account certification, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶31 IT IS FURTHER ORDERED that within 60 days of the date of this order, as a condition of his practice of law in this state, Attorney Lemanski shall pay to the opposing party in the S.K. legal separation matter the amount of $1,471.50 in costs and fees, as ordered by the circuit court. When the payment has been made, Attorney Lemanski shall file with the clerk of this court and serve on the Office of Lawyer Regulation an affidavit attesting to the completion of the payment.

¶32 IT IS FURTHER ORDERED that within 60 days of the date of this order, David A. Lemanski shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,192.03.

¶33 IT IS FURTHER ORDERED that the Director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.